# IN THE COURT OF APPEALS OF IOWA

No. 25-0009
Filed December 3, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOLYNNE JO GILL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Eric J. Nelson, Judge.

A criminal defendant challenges the sufficiency of evidence supporting her convictions for delivering LSD and delivering psilocyn.  **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

A jury convicted Jolynne Gill of delivery of psilocybin and delivery of LSD. Gill appeals, challenging the sufficiency of the evidence. Because sufficient evidence supports Gill's convictions, we affirm.

## I. Background Facts & Procedural Posture.

On March 25, 2023, law enforcement responded to a 911 call reporting that Z.O., a 20-year-old man in Atlantic, Iowa, was suffering from a drug overdose. When officers arrived, Z.O.'s roommate J.S. reported Z.O. had taken multiple doses of LSD. Z.O. was transported to the hospital, where he confirmed using LSD. A subsequent search of the residence revealed several LSD tabs, marijuana, and a "Polkadot" brand chocolate bar that later tested positive for psilocyn.

During questioning, both Z.O. and J.S. stated that Z.O. had purchased the LSD and psilocyn products from Gill, a coworker. The State filed a trial information and proceeded to trial on counts of delivery of psilocyn and delivery of LSD.

At trial, Z.O. testified that he had previously purchased LSD and psilocyn-infused chocolate bars from Gill. He also described lasting memory problems stemming from the overdose, acknowledging uncertainty about what he recalled personally and what he knew from reports or preparation for trial.

> Q. As a result of [taking drugs in 2023], you took drugs to the point you were hospitalized; correct? A: Yes.
> Q: Okay. And you got memory loss as a problem of that; right? A: Yes.
> Q: Okay. Your testimony today, you obviously had help preparing for that, didn't you? A: Yes.
> Q: Okay. And because of your memory loss, you probably had to rely on what other people told you, reports and so forth; correct? A: Yes.
> Q: Okay. So it's possible that what you're telling is what's in reports, not what you really remember; correct? A: Maybe, like, yes and no,

because, like, I do remember some stuff. It's just some things are more spacey because it's been over a year.

Q: Okay. So you can't really tell us for sure what you're really remembering and what you're not; correct? A: Well, like, yes.

The State introduced text messages between Z.O. and Gill referencing "chocolate bars," Z.O.'s overdose, and his later attempt to arrange another drug purchase (unsuccessfully). J.S. testified that all LSD in the home had come through Z.O. However, J.S. could not testify that the LSD came from Gill as he did not personally observe a delivery by Gill. Law enforcement corroborated the source of the text messages and confirmed through laboratory analysis that the recovered substances contained LSD and psilocyn. The jury found Gill guilty on both counts of delivery of a controlled substance. On December 19, 2024, she was sentenced to concurrent prison terms of twenty-five years and fifteen years. Gill filed a notice of appeal on January 2, 2025, challenging the sufficiency of the evidence.

The State maintains that Z.O.'s testimony, corroborated by physical and digital evidence, provides substantial proof of guilt such that a rational factfinder could have found Gill guilty beyond a reasonable doubt. In reply, Gill argues the conviction rested on unreliable testimony from a witness who could not distinguish independent recollection from information learned through reports and because of such no rational factfinder could have found Gill guilty beyond a reasonable doubt.

## II.    Standard of Review.

We review challenges to sufficiency of the evidence for correction of legal error.[1]  *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).  A jury verdict is binding on appeal "if the verdict is supported by substantial evidence.  Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt."  *Id.* (internal citations omitted).  "We consider all of the evidence in the light most favorable to the verdict, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record."  *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020).

## III.    Analysis.

The jury could convict Gill of delivery of LSD/psilocyn if the State proved:

1.  On or about the 25th day of March, 2023 [Gill] delivered LSD/psilocyn to another person.

2.  [Gill] knew that the substance she delivered was LSD/psilocyn

*See* Iowa Code §§ 124.401(1)(b)(5), 124.401(1)(c)(9), and 124.204(4)(t) (2023).

Gill contends that the State failed to prove the first element—delivery.  According to Gill, Z.O.'s "testimony is not the piece of evidence the State can lean upon to save this conviction.  Instead, [Z.O.]'s flawed testimony is the rotten foundation this conviction stands upon."  Gill advances that in order to affirm the verdict, we "would have to hold that the testimony of a man who admits he has memory problems, and cannot distinguish between what he remembers as opposed to what he learned in trial preparation and reports he read, is sufficient

---

[1] Gill's reply brief makes clear she is not alleging a witness competency challenge. Therefore, we will not address it.

non-speculative evidence to convict a defendant beyond a reasonable doubt." We disagree.

The jury was free to believe Z.O.'s testimony that he bought and received LSD and psychedelic candy bars laced with psilocyn from Gill. Z.O. explained how this occurred: he knew Gill from as a coworker. He remembered a specific conversation in which Gill said she could supply LSD. This recollection was not reliant on a review of police reports as it was a conversation he recalled having. Further, Z.O. detailed how the early exchanges of psychedelic candy bars happened at work and the text messages submitted as exhibits corroborated such. "Hey I got the chocolate bars I'm leaving around 1130 [sic] to go to town text if you get up and ill [sic] stop by."

Additional text messages between Z.O. and Gill were presented at trial. In one message, Z.O. wrote that he had taken too much and overdosed, describing the experience as "scary." Gill replied, "Ya not fuckin with that..told you." The exchange indicated that Gill was aware of Z.O.'s use of drugs and had previously cautioned him about it.

The jurors were free to credit or discredit Z.O.'s testimony. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). From the totality of the evidence— the testimony of Z.O., J.S., and investigating officers, and the nine exhibits (most especially the text message exchanges)—viewed in the light most favorable to the State, with all reasonable inferences that may be fairly drawn from the evidence, the State had sufficient direct and circumstantial evidence to convince a rational

jury beyond a reasonable doubt that Gill knowingly delivered Z.O. LSD in white blotter strips and psilocyn in the form of chocolate bars.

Because sufficient evidence supports both of Gill's convictions, we affirm.

**AFFIRMED**.